UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:14-CR-160-BR
No. 5:16-CV-131-BR

| | |
|---|---|
| SAMUEL NEAL STRICKLAND ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA ) | |
| ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 88.) Although petitioner received notice of the motion and the opportunity to respond, (DE # 90), petitioner has not filed a response to the government's motion.

In 2014, petitioner pled guilty to conspiracy to distribute 100 grams or more of heroin. By judgment entered 12 March 2015, the court sentenced petitioner to 243 months imprisonment. Petitioner did not appeal. Petitioner filed his § 2255 motion on 25 March 2016. (DE # 83.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See

Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus motion under 28 U.S.C. § 2254).

Petitioner asserts one claim— prosecutorial misconduct. (Pet., DE # 83, at 4.) The entirety of facts petitioner alleges in support of his claim is "AUSA refuses to comply w[ith] provisions of plea agreement, to which all parties of the case agreed. Provisions to which or [sic] accepted by the U.S. District Court." (Id.) Petitioner does not request any specific relief. (See id. at 13.) Although petitioner states that a supporting brief will be filed, (id. at 4), he never filed one.

The court agrees with the government that petitioner's motion does not contain sufficient facts. Petitioner has not identified what provision of the plea agreement the government supposedly violated nor how the government violated it. Without such information, petitioner has failed to state a claim entitling him to relief. The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 15 November 2016.

_____
W. Earl Britt
Senior U.S. District Judge

2

Case 5:14-cr-00160-BR   Document 92   Filed 11/15/16   Page 2 of 2