IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-160-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | ORDER |
| ) | |
| SAMUEL NEAL STRICKLAND ) | |

This matter is before the court on defendant's emergency motion to reduce his sentence. (DE # 96.) The government filed a response in opposition. (DE # 101.)

In 2014, defendant pled guilty to conspiracy to distribute 100 grams or more of heroin. The court sentenced him to 243 months imprisonment.

Defendant seeks a reduction in his sentence, presumably to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] Under this statute, the court may reduce a term of imprisonment for extraordinary and compelling reasons if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The government argues defendant's motion should be denied because he has failed to comply with the statute's exhaustion/lapse requirement, among other reasons. (Resp., DE # 101, at 1; see also id. at 16-17.) Although defendant recognizes § 3582(c)(1)(A) requires a defendant, at a minimum, to submit a request to the warden, (see Mot., DE # 96, at 13), he does not allege that he complied with this requirement or that it should be waived. Under these circumstances,

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

the court will not consider the merits of defendant's motion. Accordingly, defendant's motion is DENIED WITHOUT PREJUDICE to his refiling it after exhausting his administrative remedies.

This 18 February 2021.

_____
W. Earl Britt
Senior U.S. District Judge